# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOHN WAYNE MORGAN**  **PLAINTIFF**
**ADC #650440**

**V.**  **NO. 4:23-cv-00397-BRW-ERE**

**ANDREW CLARK,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections:

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

### II. Background:

*Pro se* plaintiff John Wayne Morgan, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2.* Mr. Morgan's original and amended complaints allege that Deputy Warden Andrew Clark, Major Rosianna Lee, and Classification Officer Ireland Hamner failed to

protect him from an inmate attack that occurred on January 27, 2023. *Doc. 2; Doc. 5 at 3-4*.

Defendants have filed a motion for summary judgment, a statement of undisputed facts, and a supporting brief arguing that Mr. Morgan failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 20, 21, 22*. Mr. Morgan has filed a declaration in response to Defendants' motion (*Doc. 26*), and the motion is ripe for review. *Docs. 48, 49, 50*.

For the reasons stated below, Defendants' motion for summary judgment should be granted.

**III.    Discussion:**

    **A.    The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an

inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Morgan to satisfy the ADC's requirements for raising and exhausting the claims he is asserting in this lawsuit before bringing this action.[1]

### B. The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 20-1*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the

---

[1]There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

Thus, to properly exhaust his administrative remedies with respect to his claims against Defendants, Mr. Morgan was required to present the claim in a timely filed grievance and go through all three steps of the ADC's grievance process before initiating this lawsuit. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original).

### C.   Mr. Morgan's Grievance History

Defendants submit the affidavit of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor. *Doc. 20-2*. Ms. Brown states that, based on a review of Mr. Morgan's grievance history, she did not "find any grievance that exhausts Morgan's claim as to any Defendant." *Doc. 20-2 at 5*. Therefore, she concludes that Mr. Morgan failed to fully exhaust his administrative remedies regarding his claims against Defendants.

Mr. Morgan offers no evidence to dispute Defendants' evidentiary showing that he failed to fully exhaust his administrative remedies regarding his claim against them. In responding to Defendants' motion, Mr. Morgan states that he wrote to each of the Defendants to notify them about a number of inmates who needed to be placed

4

on his enemy alert list. *Doc. 26 at 1*. However, Mr. Morgan does not dispute Defendants' evidentiary showing that he failed to file any grievances naming any of the three Defendants or raising the claim asserted in this lawsuit. Assuming Mr. Morgan wrote to Defendants to identify his enemies and have them placed on his enemy list, this is not a substitute for following the ADC's three-step grievance process.

On this record, there is no genuine issue of material fact regarding Mr. Morgan's failure to exhaust his administrative remedies, and Defendants are entitled to judgment as a matter of law.

IV. **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 20*) be GRANTED.

2. Mr. Morgan's claims be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

Dated 28 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE